UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JONATHAN N. LANE,

Petitioner,

v.                                                    CAUSE NO. 1:26-CV-48-GSL-AZ

SHERIFF,

Defendant.

OPINION AND ORDER

Jonathan N. Lane, a prisoner without a lawyer, filed a habeas petition

challenging his conviction in connection with Case No. 02D05-2506-F5-230 in the Allen

Superior Court. In that State criminal proceeding, he pled guilty to criminal mischief.[1]

Following a guilty plea, on August 5, 2025, the Allen Superior Court sentenced to him

to one year of incarceration but suspended that sentence and placed him on probation.

On April 10, 2026, the Allen Superior Court revoked his probation and ordered Lane to

serve his term of incarceration.

On March 23, 2026, the court observed that neither the petition nor the State

court docket indicated that Lane had not initiated post-conviction proceedings as he

was required to do to exhaust his State court remedies with respect to his habeas claims.

ECF 3. However, the court granted Lane an opportunity to respond rather than

immediately dismissing the case. *Id.* Lane has now responded, asking the court not to

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

dismiss his case because, on April 8, 2026, he initiated post-conviction proceedings in connection with this conviction in Case No. 02D05-2604-PC-22. However, despite this change of circumstances, Lane's claims are and will remain unexhausted until the conclusion of post-conviction proceedings.

Because Lane's claims are unexhausted, the court must either stay the case pending resolution of State court remedies or dismiss the case without prejudice. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *Id.* According to the State court docket, the one-year limitations period for federal habeas review began to run when the time for initiating a direct appeal expired on September 4, 2025. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days); 28 U.S.C. § 2244(d)(1)(A). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Lane's chance at habeas corpus review because the limitations period was tolled with about five months to spare when Lane initiated post-conviction proceedings on April 8, 2026. Consequently, he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case, and the court will dismiss this case because the claims are unexhausted. The dismissal is without prejudice to returning to federal court for habeas review once Lane has finished in State court.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Lane has exhausted his claims in State court. Therefore, the court denies Lane a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Jonathan N. Lane a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 1, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3